IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE ADANMA DURU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1153-G-BN |
| | § | |
| DR. ROBERT SCHREINER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 41(b) and should decline the request to transfer this action to the District of Colorado.

**Background**

Plaintiff Rose Adanma Duru, a frequent *pro se* litigant in this Court, resided in Dallas, Texas at the time she filed this action against individuals and corporations alleged to be citizens of Georgia and of Texas – including Huron Consulting Group and the City of Dallas. *See* Dkt. No. 3. Plaintiff alleges some 20 separate causes of action – rape, sexual battery, sexual assault, cyber attacks, criminal trespassing, unlawful

-1-


surveillance, reckless endangerment, unlawful breaking and entry, breach of duty, theft, attempted murder, deadly pursuit, criminal negligence, stalking, assault, invasion of privacy, forced homelessness, terroristic acts, co-conspirator terroristic acts, and intentional infliction fo emotional distress, *see id.* at 1-2 – many of which do not appear actionable in a civil lawsuit, and none of which appear to be federal in nature.

While, at the time this action was filed, Plaintiff also moved for leave to proceed *in forma pauperis*, *see* Dkt. No. 5, the Court, on May 2, 2016, issued a show cause order requiring Plaintiff to file no later than June 1, 2016 a written response to show the Court it has subject matter jurisdiction over this lawsuit, *see* Dkt. No. 6 (notifying Plaintiff that "[f]ailure to comply with this order will result in a recommendation that the complaint be dismissed for either lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3), and/or for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)").

It is now more than one month since the deadline to respond to the Court's show cause order, and Plaintiff has failed to address the Court's jurisdictional concerns. She instead has notified the Court that she has relocated to Denver and has requested that the Court transfer her case to the District of Colorado. *See* Dkt. No. 8.

## Legal Standards and Analysis

<u>Rule 41(b)</u>

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the

federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "Several" of the following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules,

we have held that the district court abused its discretion." 975 F.2d at 1191 n.6 (citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

By failing to comply with the Court's show cause order, Plaintiff has prevented this action from proceeding, and she therefore has failed to prosecute her lawsuit and obey the Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

<u>28 U.S.C. § 1631</u>

Plaintiff implicates Section 1631 through her motion to transfer this action coupled with her failure to "affirmatively and distinctly" allege jurisdiction. *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference").

"When a court lacks jurisdiction, § 1631 states that the court 'shall, if it is in the interest of justice, transfer such action' to the proper court. However, the Fifth Circuit has indicated that it defeats the interest of justice to transfer a meritless claim that will consume judicial time and energy." *Dominguez-Mijares v. United States*, Civ. A.

No. L-10-69 & Crim. No. L-09-16, 2010 WL 2635546, at *2 (S.D. Tex. June 21, 2010) (citing *Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989)); *see also Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) ("a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed" (quoting *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999))); *Wigglesworth v. I.N.S.*, 319 F.3d 951, 959 (7th Cir. 2003) (similar)); *cf. Fasolyak v. The Cradle Society, Inc.*, Civ. A. No. 06-01126 (TFH), 2007 WL 2071644, at *11 (D.D.C. July 19, 2007) ("'There are three elements to a section 1631 transfer: (1) there must be a lack of jurisdiction in the district court; (2) the transfer must be in the interest of justice; and (3) the transfer can be made only to a court in which the action could have been brought at the time it was filed or noticed.'" (quoting *Ukiah Adventist Hosp. v. FTC*, 981 F.2d 543, 549 (D.C. Cir. 1992))).

Even without considering whether the District of Colorado can exercise personal jurisdiction over any of the defendants named in this action, *see Fasolyak*, 2007 WL 2071644, at *11, Plaintiff's current action's lack of merit – not to mention her established history of frivolous filings in his Court – favors dismissal over transfer.

## Recommendation

The Court dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 41(b) and deny Plaintiff's motion to transfer [Dkt. No. 8].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 11, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE